IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LYNNELLE LAMAY-POE, | | |
| Plaintiff, | | **8:25CV386** |
| vs. | | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | | **FINDINGS AND RECOMMENDATION** |
| Defendant. | | |

Plaintiff Lynnelle Lamay-Poe ("Plaintiff") seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final administrative decision of the Commissioner of Social Security ("Commissioner"). Plaintiff filed a Motion for an Order Reversing the Commissioner's Decision and brief in support of the motion. (Filing No. 8). The Commissioner filed a Motion to Affirm the Commissioner's Decision. (Filing No. 10). The matter was referred to the undersigned magistrate judge to issue a Findings and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Susan M. Bazis, United States District Judge. Being duly advised in the premises, the undersigned now finds and recommends that Plaintiff's motion to reverse and remand should be denied and that the Commissioner's motion to affirm be granted.

## I.    PROCEDURAL BACKGROUND

On November 10, 2022, Plaintiff filed a Title II application for period of disability and disability insurance benefits, alleging disability beginning June 1, 2022, due to chronic

1

pain, hypertension, acid reflux, and mobility problems. (Filing No. 5-3 at 2). The claim was denied initially on July 6, 2023, and upon reconsideration on November 7, 2023. Plaintiff filed a written request for hearing and a telephonic hearing was held on May 2, 2024, before Administrative Law Judge (ALJ) Matthew Dawson. The claimant was represented by counsel, appeared, and testified. An impartial vocational expert ("VE") also appeared and testified.

The ALJ issued an unfavorable decision dated June 14, 2024. (Filing No. 5-2 at 15, 18-26). On April 17, 2025, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (Filing No. 5-2 at 2-6). Plaintiff filed this action for review of the ALJ's decision on June 10, 2025. (Filing No. 1).

## II.    FACTUAL BACKGROUND AND MEDICAL EVIDENCE

Plaintiff was born on September 26, 1962, and has at least a high school education. Plaintiff has past relevant work as an administrative assistant. With respect to medical records and other evidence of record, the court adopts Plaintiff's recitation of facts set forth in her Statement of Undisputed Material Facts (Filing No. 8 at 4) and as agreed to by the Commissioner (Filing No. 11 at 2).

In addition to Plaintiff's facts, the medical opinions offered by the State Agency Medical Consultants ("SA Consultants") Dr. Kevin Coughlin and Dr. Steven Arkin are relevant to the arguments made by the parties. Dr. Coughlin opined that Plaintiff could perform sedentary work, but assigned postural limitations, opining that Plaintiff can frequently balance and stoop, never kneel, crouch, crawl, or climb. Dr. Coughlin noted specifically that Plaintiff may want to avoid extreme cold and other hazards such as heights and machinery due to her osteoarthritis and history of total arthroplasty of the right hip. (Filing No. 5-3 at 6). Dr. Coughlin found that Plaintiff's statements about intensity, persistence, and functionally limiting effects of the symptoms were not substantiated by the objective medical evidence alone, but only partially consistent with the total medical and non-medical evidence on file. (Filing No. 5-3 at 5). Dr. Coughlin opined that Plaintiff had past relevant work as an administrative assistant and the Residual Functioning

Capacity (or "RFC") to perform the job as generally performed in the national economy. (Filing No. 5-3 at 7). Dr. Coughlin opined that based on the documented findings, Plaintiff is "Not Disabled." (Filing No. 5-3 at 8).

Dr. Arkin's opinions were similar, but he did not include specific postural or environmental limitations. He found Plaintiff had medically determinable impairments that could be expected to cause her symptoms, but that her statements about the intensity, persistence, and functionally limiting effects of the symptoms were not substantiated by the objective medical evidence alone. He too found that Plaintiff's statements were partially consistent with the medical and non-medical evidence on file. (Filing No. 5-3 at 14). Dr. Arkin opined that Plaintiff had past relevant work as an administrative assistant and had the RFC to perform the job as generally performed in the national economy. (Filing No. 5-3 at 15). Dr. Arkin concluded that based on the documented findings, Plaintiff is "Not Disabled." (Filing No. 5-3 at 16).

The hypotheticals posed to the VE during the hearing before the ALJ are also relevant to the arguments made by the parties. During that hearing, Plaintiff testified that she was an administrative assistant for a school from 2008-2017 and that her average day included "data entry." (Filing No. 5-2 at 40). The VE testified that she considered claimant's past work as an "administrative assistant. That's 203.582-054, that's sedentary per the DOT, sedentary as performed, semi-skilled, SVP: 4."[1] (Filing No. 5-2 at 52-53). The ALJ posed several hypotheticals to the VE, the first that she consider an individual with claimant's age, education, and work experience who is "limited to work at the sedentary exertional level, can frequently balance and stoop, never knee, crouch, crawl, or

---

[1] "SVP" refers to the "specific vocational preparation" for a given occupation. Unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the Dictionary of Occupational Titles ("DOT"). *Manesha F. v. Bisignano*, No. 25-CV-849 (JRT/DJF), 2026 WL 385991, at *2 (D. Minn. Jan. 15, 2026) (report and recommendation adopted, No. CV 25-849 (JRT/DJF), 2026 WL 383745 (D. Minn. Feb. 11, 2026), citing Social Security Ruling (SSR) 00-4p.).

climb, can tolerate frequent exposure to extreme cold and occasional exposure to moving mechanical parts and unprotected heights." (Filing No. 5-2 at 53). The VE testified that an individual with those restrictions would be capable of performing claimant's past work as performed and per the DOT. (Filing No. 5-2 at 53). The ALJ then asked the VE to consider an individual who is further restricted to frequent handling, fingering, and feeling. The VE determined that individual would not still be able to perform claimant's past relevant work. (Filing No. 5-2 at 53). The ALJ asked the VE to consider whether the individual in the first hypothetical would be able to perform claimant's past work if they required a cane to walk to and from the workstation, and in her opinion they would. The VE opined that an individual may not be able to perform past relevant work if the individual required a walker, if the individual could only sit for a total of two hours a day, or they were limited to carrying out only simple instructions. (Filing No. 5-2 at 54).

### III.    ALJ FINDINGS

The ALJ evaluated Plaintiff's claim using the "five-step" sequential analysis prescribed by the Social Security Regulations.

> At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the RFC to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the Commissioner at the fifth step to prove that there are other jobs in the national economy that the claimant can perform.

*Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006) (citing 20 C.F.R. § 404.1520(a) and 416.920(a)).

The ALJ found at step one that Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2023, and that she had not engaged in substantial

gainful activity during the period from her alleged onset date of June 1, 2022, through her date last insured. (Filing No. 5-2 at 20).

At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease of the hips, knees, left shoulder and right shoulder, and degenerative disc disease. (Filing No. 5-2 at 20). The ALJ also noted that Plaintiff had non-severe impairments including hyperlipemia, anemia, left eyelid cut, and hypertension, but those impairments, individually or in combination, did not have more than a minimal effect on Plaintiff's ability to do basic physical work activities. The ALJ also found Plaintiff's psoriasis to be non-severe. The ALJ found Plaintiff alleged several impairments that were not medically determinable under the rules including cataracts and osteoarthritis of the hands and/or fingers. Similarly, the ALJ found Plaintiff's adjustment disorder was not medically determinable as it was established after the date last insured.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (Filing No. 5-2 at 22).

In determining Plaintiffs' RFC, the ALJ found Plaintiff has the capacity to perform sedentary work as defined in 20 CFR 404.1567(a), except she can frequently balance and stoop; never kneel, crouch, crawl or climb; and can tolerate frequent exposure to extreme cold and occasional exposure to moving mechanical parts and unprotected heights. (Filing No. 5-2 at 22). In making this determination, the ALJ followed a two-step process.[2] The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms. However, "her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent

---

[2] The two-step process the ALJ must follow is to first determine whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms. Second, once such impairment has been shown, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities. 20 C.F.R. § 404.1529; SSR 16-3p.

with the medical evidence and other evidence in the record….” (Filing No. 5-2 at 23). The ALJ noted that Plaintiff reported that her overall health was "excellent," her diet was "pretty good," and she exercised by walking and weightlifting. (Filing No. 5-2 at 24). Additionally, Plaintiff lived independently, did laundry, performed household chores, managed money, shopped in stores and reported walking three times a week. (Filing No. 5-2 at 24-25). The ALJ also noted Plaintiff's physical exams were "not as limited as one would expect" with respect to range of motion and strength in her extremities. (Filing No. 5-2 at 25).

The ALJ also evaluated the medical opinions and prior administrative medical findings and stated:

> First, in regard to the DDS opinion evidence, in 2023 Dr. Coughlin and Dr. Arkin opined that the claimant retains the ability to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with limited postural maneuvers. (Exhibits 1A; 3A). Dr. Coughlin and Dr. Arkin further opined that the claimant must avoid extreme cold and hazards. The undersigned finds these opinions. They are supported by explanation. And they are consistent with effective pain relief treatment (e.g., injections, stockinettes) and physical exams (see, e.g., 7F/3, 7; 12F/7).
>
> Dr. Menlascino, opined that the claimant should elevate leg above heart level to help with swelling. The undersigned finds this opinion unpersuasive as it was a temporary restriction caused by acute pain after the claimant's fall. Besides this, it is otherwise not consistent with the longitudinal record showing unremarkable physical exams and more robust activities of daily living including doing laundry, household chores, shopping in stores, and walking three times a week. (Exhibit 6F/18).

(Filing No. 5-2 at 25).

At step four, the ALJ determined Plaintiff was able to perform past relevant work "as a[n] Administrative Assistant, Dictionary of Occupational Titles ('D.O.T.') 203.582-054; Sedentary, SVP 4." (Filing No. 5-2 at 25). In comparing Plaintiff's RFC with the physical and mental demands of this work, the ALJ found this work "did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Filing No. 5-2 at 25). The ALJ found Plaintiff is able to perform the job as it is

actually and generally performed. (Filing No. 5-2 at 25). The ALJ further found Plaintiff was not under a disability as defined in the Social Security Act, at any time from June 1, 2022, the alleged onset date, through June 30, 2023, the date last insured. (Filing No. 5-2 at 26). The ALJ did not make any findings at step five regarding jobs available in the national economy, as he concluded in step four that Plaintiff was capable of performing past relevant work.

## IV.    STANDARD OF REVIEW

After exhausting review with the Appeals Council, a claimant is entitled to judicial review of the ALJ's decision in federal district court. *Smith v. Berryhill*, 587 U.S. 471, 475 (2019); *see also* 42 U.S.C. § 405(g). Because the Appeals Council declined review, the ALJ's decision is the final decision of the Commissioner. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000). On review, the district court determines whether the Commissioner's decision complies with the relevant legal requirements or "whether substantial evidence on the record as a whole supports the ALJ's decision." *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011) "Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." *Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011) (internal citations omitted). Substantial evidence is "more than a mere scintilla," and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "'It is not the role of this court to reweigh the evidence presented to the ALJ or to try the issue in this case de novo.'" *Dols v. Saul*, 931 F.3d at 741, 746 (8th Cir. 2019) (quoting *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007)).

Under the substantial evidence standard, the district court will consider "evidence that detracts from the [ALJ's] decision, as well as evidence that supports it." *Fentress v. Berryhill*, 854 F.3d 1016, 1020 (8th Cir. 2017) (citing *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007)). However, the district court will not reverse an ALJ's decision "simply because some evidence supports a conclusion other than that reached by the [ALJ]." *Id.*

(citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)). The district court must also affirm the ALJ's decision "[i]f, after reviewing the record, the court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings." *Dols,* 931 F.3d at 744 (8th Cir. 2019) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)). Nevertheless, the court's review is "more than a search of the record for evidence supporting the Commissioner's findings, and requires a scrutinizing analysis, not merely a 'rubber stamp'" of the Commissioner's decision. *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 821 (8th Cir. 2008) (internal citations omitted).

## V.    ANALYSIS

In this appeal, Plaintiff contends remand is required because the ALJ did not state specific findings as to the persuasiveness of SA Consultants Dr. Coughlin and Dr. Arkin. Plaintiff further argues that even if the ALJ found those opinions to be persuasive, he failed to incorporate particular limitations described by those same consultants into the RFC. The undersigned agrees that the ALJ's findings do not contain explicit findings that the medical opinions are persuasive, and the ALJ did not explain why Dr. Coughlin's suggested limitations as to exposure to extreme cold and certain hazards were omitted from the RFC. However, for the reasons discussed below, the error is harmless and the undersigned will recommend the decision be affirmed.

### A.    The ALJ Failed to Indicate Persuasiveness of Certain Medical Opinions

Under the revised regulations for claims filed on or after March 27, 2017, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source, including treating providers. *See Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)). "The revised regulations direct ALJs to consider five factors when evaluating the persuasiveness of a provider's medical opinion: (1) whether it is supported by objective medical evidence and the provider's own explanations, (2) whether it is consistent with other evidence in the record, (3) the relationship the provider has with the claimant, (4) the provider's specialization, and

8

(5) any other relevant factors." *Cropper v. Dudek*, 136 F.4th 809, 813 (8th Cir. 2025) (citing 20 C.F.R. § 404.1520c(c)(1)-(5)). "Supportability and consistency are the most important factors." *Id.* (citing § 404.1520c(a)). The ALJ is required to "articulate how [the ALJ] considered the medical opinions" and "explain how [the ALJ] considered the supportability and consistency factors." *Dowden v. Saul*, No. 19-CV-2054-KEM, 2020 WL 6470180, at *5 (N.D. Iowa Nov. 3, 2020) (quoting 20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2)). With respect to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)…, the more persuasive the medical opinions…will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). As for consistency, "[t]he more consistent a medical opinion(s)…is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s)…will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2). An ALJ "may, but [is] not required to, explain how [he or she] considered the [remaining] factors." 20 C.F.R. § 404.1520c(b)(2) (accord 20 C.F.R. § 416.920c(b)(2)).

In this matter, Dr. Coughlin opined that Plaintiff could perform sedentary work, but noted that Plaintiff "may want to avoid concentrated exposure to extreme cold and even moderate exposure to hazards such as heights and machinery due to her osteoarthritis and history of total arthroplasty of the right hip." (Filing No. 5-3 at 6). Plaintiff argues the ALJ's decision did not include a finding as to the persuasiveness of those opinions, or how the ALJ came to the relevant conclusion. Specifically, the ALJ stated "Dr. Coughlin and Dr. Arkin further opined that the claimant must avoid extreme cold and hazards. **The undersigned finds these opinions.  They are supported by explanation."** Filing No. 5-2 at 25 (emphasis added). The Commissioner argues that the omission of any analysis of Dr. Coughlin or Dr. Arkin's opinions were a scrivener's error, that the ALJ made sufficient findings, but omitted the word "persuasive" from his discussion of the prior administrative medical findings.

9

Upon review, it is clear that the ALJ omitted a word. It seems possible, and even likely, that the ALJ intended to say the opinions were *persuasive*, as the ALJ later stated they were "supported by explanation," but the ALJ did not elaborate as to what explanation he relied upon. Courts in this district have found that an ALJ must articulate how persuasive the ALJ found all medical opinions and prior administrative medical findings in a claimant's case record. *Brandy B. v. Dudek*, No. 4:25-CV-394 SRW, 2025 WL 3227484, at *5 (E.D. Mo. Nov. 19, 2025). The ALJ here did not do so.

The Commissioner argues that the ALJ discussed supportability and consistency in a manner that would only be consistent with a finding that the prior administrative medical findings were persuasive. The court does not disagree. However, while the ALJ noted that the opinions were consistent with effective plain relief treatment and physical exams, he did not fully evaluate the supportability of the opinions, as required by the applicable regulation, but simply stated they were "supported by explanation." (Filing No. 5-2 at 25). "The failure to comply with SSA regulations is more than a drafting issue, it is legal error." *Lucus v. Saul,* 960 F.3d 1066 (8th Cir. 2020); *see also Bonnett v. Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021), (referencing 20 C.F.R. § 404.1520c and noting that ALJ must consider supportability and consistency of opinion and explain how both factors are considered). The new regulations explicitly provide that the ALJ must explain how persuasive, supported, and consistent a medical opinion is, including a medical opinion from a state agency consultant. "The purpose of this regulation would be undermined if the ALJ could state a medical opinion was persuasive, well-supported, and consistent with the record, without adopting the limitations contained in that opinion or otherwise addressing them." *Dowden v. Saul*, No. 19-CV-2054-KEM, 2020 WL 6470180, at *7 (N.D. Iowa Nov. 3, 2020). The ALJ's failure to comply with the opinion-evaluation regulation is legal error.

B.     The ALJ Failed to Incorporate Limitations or Explain Lack of Limitations in the RFC

Plaintiff also argues that the opinions of the SA consultants support additional limitations regarding her exposure to extreme cold and hazards, but the ALJ did not explain

why those limitations were not incorporated into her RFC. The Commissioner responds that the ALJ is not required to adopt the exact limitations set forth in the opinions found to be persuasive. (Filing No. 11 at 4). The court agrees that an ALJ is not required to accept all limitations proposed by a persuasive source. *See Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) (ALJ was not required to adopt the exact limitations set forth in the opinions she found persuasive.). Additionally, "the ALJ is free to accept some, but not all, of a medical opinion." *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (citing *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016)). But Plaintiff is not arguing remand is required because the ALJ failed to incorporate those specific limitations into the RFC. She instead contends remand is required because the ALJ did not provide any rationale or explanation for rejecting those parts of the opinions, assuming the ALJ found that the opinions were persuasive.

As noted above, Dr. Coughlin suggested that Plaintiff "may want to avoid concentrated exposure to extreme cold and even moderate exposure to hazards such as heights and machinery due to her osteoarthritis and history of total arthroplasty of the right hip." (Filing No. 5-3 at 6). The ALJ asked the VE to consider several hypotheticals, but did not ask the VE to consider whether a hypothetical individual with Dr. Coughlin's suggested limitations would be able to perform Plaintiff's past relevant work. (Filing No. 5-2 at 53-54). The ALJ did not incorporate Dr. Coughlin's suggested limitations into the RFC he assigned and did not provide any explanation for their exclusion. A growing number of district courts within the Eighth Circuit have found remand appropriate where an ALJ finds a medical opinion to be persuasive, yet declines to include some of the opinion's limitations into the RFC without an explanation for the exclusion. *See e.g., French v. Bisignano,* No. 8:24CV77, 2025 WL 2780323, at *9 (D. Neb. Sept. 30, 2025) (collecting cases).

Here, even if the ALJ found the opinions of Dr. Coughlin and Dr. Arkin to be persuasive, the ALJ should have included a specific finding as to why he chose not to accept some of the noted limitations, including concentrated exposure to extreme cold and to hazards. *See Batson v. Kijakazi*, 2022 WL 501405, at *4 (W.D. Mo. Feb. 18, 2022) ("[I]f

the ALJ chose not to include any of [a medical professionals] limitations, the ALJ should have explained why any excluded limitation was not adopted"). Assuming the ALJ found Dr. Coughlin's medical opinion persuasive, it is legal error for the ALJ not to have explained why the assigned limitations to avoid sustained exposure to extreme cold and hazards were not adopted.

C.    Harmless Error Review

In many cases the failure to explain the rejection of limitations assigned in a medical opinion is legal error and is grounds for remand. See *Robertson v. Dudek*, No. 4:24-CV-00337-NCC, 2025 WL 812142, at *4 (E.D. Mo. Mar. 13, 2025) (quoting *Bedore v. Kijakazi*, 2023 WL 6064854, at *5)) ("The Court 'cannot speculate whether or why an ALJ rejected certain evidence'"); *see also Berry v. Kijakazi*, No. 4:20-CV-890 RLW, 2021 WL 4459699, at *8 (E.D. Mo. Sep. 29, 2021) (citing *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995)) ("[T]he Court would be required to determine in the first instance whether there was substantial evidence to support the ALJ's decision to reject that limitation. It is not within the Court's purview to speculate why the ALJ may have rejected certain evidence."). The Commissioner argues that in this case the legal error is harmless, as the limitations at issue do not affect whether Plaintiff can perform her past relevant work.

When an ALJ commits a legal error, remand is required unless the error was harmless. *Lucus v. Saul*, 960 F.3d 1066, 1067 (8th Cir. 2020). It is well settled that harmless error review is applicable to social security administrative appeals, *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009), and that a harmless error does not warrant remand. *Byes v. Astrue*, 687 F.3d 913, 917–18 (8th Cir. 2012). It is typically the plaintiff who bears the burden of demonstrating harm. *Shinseki*, 556 U.S. at 409. To be considered harmless, there must be "'no indication that the ALJ would have decided it differently' if the error had not occurred." *Grindley v. Kijakazi*, 9 F.4th 622, 629 (8th Cir. 2021). However, if the ALJ's conclusory discussion or lack of explanation precludes the court from being able to meaningfully review the ALJ's decision, then the error is not harmless because the court is unable to "determine whether the ALJ would have reached the same decision denying

benefits, even if he had followed the proper procedure[.]" *Lucus*, 960 F.3d at 1070 (quoting *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003)).

Here, and notwithstanding some of the errors noted earlier, remand is not warranted as the omitted limitations have no bearing on Plaintiff's ability to perform her past relevant work. In making this determination, the ALJ questioned Plaintiff about that work and then considered the testimony of a VE, consistent with the Dictionary of Occupational Titles ("DOT"). *See Miller v. O'Malley*, No. 4:24 CV 420 RWS, 2024 WL 4416821, at *6–7 (E.D. Mo. Oct. 4, 2024) (citing *Biggers v. Kijakazi*, 2023 WL 6066590, at *7 (W.D. Ark. Sept. 18, 2023)). Plaintiff testified that she previously worked as an administrative assistant and her regular duties included data entry. The ALJ asked the VE to classify Plaintiff's past relevant work, and the VE used DOT code 203.582-054, or "sedentary per the DOT, sedentary as performed, semi-skilled, SVP: 4." (Filing No. 5-2 at 52-53). The VE testified that a hypothetical person of Plaintiff's age, education, work experience, and RFC could perform the job "as performed and per the DOT." (Filing No. 5-2 at 53).

"[V]ocational experts assist in the determination of whether, despite any exertional or nonexertional limitations, an individual has the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *Draper v. Barnhart,* 425 F.3d at 1132. If the hypotheticals posed are incomplete or inconsistent with the medical evidence in the record, the RFC assigned may also be inaccurate. The court recognizes that none of the hypotheticals presented to the VE at the hearing included the environmental (temperature and hazard) limitations recommended by Dr. Coughlin, but those limitations were not indicated by the DOT code for the past relevant work assigned by the ALJ. A review of the U.S. Department of Labor's Dictionary of Occupational Titles (4th ed. 1991) description for Plaintiff's past relevant work reveals that the job does not require any exposure to extreme cold or hazards. *See* 203.582-054 Data Entry Clerk, DICOT 203.582-054, 1991 WL 671700.

Ultimately Dr. Coughlin and Dr. Arkin determined that Plaintiff could perform her past relevant work as an administrative assistant and classified her as "Not Disabled." The

VE testified that a hypothetical person with Plaintiff's functional limitations could perform her past relevant work. The court finds harmless the ALJ's error in omitting a complete analysis concerning persuasiveness or to explain why the SA Consultant's environmental limitations were not adopted. Even if the ALJ had adopted the extreme cold and hazard limitations, Plaintiff would still not meet the criteria to be considered disabled. Plaintiff accordingly has provided "'no indication that the ALJ would have decided it differently' if the error had not occurred." *Grindley v. Kijakazi*, 9 F.4th at 629.

For these reasons, IT IS HEREBY RECOMMENDED to the Honorable Susan M. Bazis, United States District Judge that:

1. Plaintiff's Motion for Order to Reverse and Remand the Commissioner's Decision be denied. (Filing No. 8)
2. The Commissioner's Motion to Affirm the Commissioner's Decision be granted. (Filing No. 10)

ADMONITION

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to object may constitute a waiver of any objection.

Dated this 9th day of March, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

14